UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JANET PALMER AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROY C. PALMER,<br><br>    Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiff, Janet Palmer as Personal Representative of the Estate of Roy C. Palmer, by and through counsel, hereby complains against the United States of America as follows:

**NATURE OF THE CASE**

1. This Complaint is made against the United States of America pursuant to the Federal Tort Claims Act for medical malpractice committed at the Togus Veterans Affairs Medical Center ("Togus VAMC") by the following Togus VAMC employees: Elizabeth Boogusch, D.O. ("Dr. Boogusch"); David Hyde, D.O. ("Dr. Hyde"); Julie Hall Sullivan, PA ("Ms. Sullivan"); Alan Irwin D.O. ("Dr. Irwin"), as well as other medical providers and nursing staff employed by Togus VAMC. These Togus VAMC employees engaged in professional negligence in their treatment of veteran Roy C. Palmer. Their negligence caused him to suffer permanent, painful, and disabling injury and other damages, including but not limited to his death.

## PARTIES

2. Janet Palmer ("Mrs. Palmer") is a resident of Buxton, Maine. Janet is the wife of Roy Palmer ("Mr. Palmer"), and is the duly-appointed Personal Representative of the Estate of Roy Palmer.

3. The Togus VAMC is a health center organized under the United States Department of Veterans Affairs.

4. At all times relevant to this Complaint, Dr. Boogusch, Dr. Hyde, Dr. Irwin, Ms. Sullivan, and other medical providers and/or nursing staff involved in Mr. Palmer's care were employed by the Togus VAMC and acting within the scope of their employment or authority as agents.

5. The United States of America is the appropriate party defendant in this case.

6. Togus VAMC acts through its employees and its agents, including medical doctors, mid-level providers, technicians, nurses, and other staff and personnel who combine to create a system of health-care delivery to a patient.

7. Plaintiff alleges that each and every person involved in the system of medical care upon which Mr. Palmer relied while he was a patient of Togus VAMC was an actual, implied, or apparent agent of Togus VAMC.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of this action, which arises pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1) & 2671, et seq.

9. Plaintiff timely submitted to the Department of Veterans Affairs notice of her claim by filing Standard Form 95, dated February 24, 2022.

10. On October 19, 2022, the Department of Veterans Affairs denied the claim. Such denial operates as a final denial of the claim for purposes of 28 U.S.C. § 2675.

11. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Plaintiff is a resident of this District.

12. In accordance with Local Rule 3(b) of the United States District Court for the District of Maine, a substantial part of the events or omissions giving rise to the claim occurred in Kennebec County.

## FACTS

13. On April 6, 2020, Mr. Palmer was admitted to Togus VAMC with complaints of abdominal pain.

14. A CT scan on admission indicated gastric wall thickening and evidence of a bowel obstruction.

15. On April 6, 2020, Dr. Boogusch ordered IV hydromorphone, 1mg/0.5mL, as needed for severe pain.

16. On April 7, Dr. Hyde prescribed IV hydromorphone, 2 mg/1mL Q2H PRN (every two hours as needed) for severe pain.

17. A second CT scan on April 8, 2020, showed gaseous distention of the proximal colon.

18. Throughout the day on April 8, 2020, Mr. Palmer complained of worsening abdominal pain. He was administered 2 mg of IV hydromorphone at 08:30, 10:30, 12:30, 14:30.

19. On April 8, 2020, at 16:35, Ms. Sullivan prescribed IV hydromorphone, 2 mg/1mL, Q2H PRN for severe pain.

20. At 22:48 on April 8, 2020, Mr. Palmer rated his pain as 10/10. His blood pressure was 222/119.

21. Michelle Miller, R.N., contacted Dr. Irwin who examined Mr. Palmer and ordered propranolol, 40mg PO and additional hydromorphone.

22. At 23:02, Dr. Irwin ordered IV hydromorphone, 2mg/1mL, IV push for severe pain.

23. On April 8, 2020, at 23:07, Dr. Irwin also entered an order for oxazepam, a benzodiazepine, 30mg Q2H PRN.

24. Mr. Palmer was administered hydromorphone at approximately 21:20, 23:00, 02:00, and 04:00 overnight from April 8-9, 2020.

25. At 05:30 on April 9, 2020, Mr. Palmer was found to be unresponsive with no pulse. His condition was determined to be hypoxia from respiratory arrest following high doses of opiates and benzodiazepines.

26. After resuscitation, Mr. Palmer was intubated and transferred to Maine Medical Center.

27. On April 30, 2020, Mr. Palmer died as a result of a hypoxic brain injury caused by an overdose of opiates combined with a benzodiazepine.

## COUNT I: SURVIVAL ACTION

28. Plaintiff reasserts the previous paragraphs as if set forth fully herein.

29. Defendant owed a duty to Mr. Palmer to provide medical treatment consistent with the standards of reasonable and safe care.

30. Defendant, acting through its employees and agents at Togus VAMC, breached the standard of care. Defendant's breaches of the standard of care, include but are not limited to the following: failing to properly evaluate, treat, and monitor Roy; ordering IV hydromorphone, 2 mg, to an opioid naive patient; ordering and administering excessive amounts of hydromorphone to Roy; ordering IV hydromorphone in combination with oxcarbazepine, a benzodiazepine; failing to adequately monitor Roy; failing to establish and enforce appropriate policies and procedures at

Togus VAMC; failing to establish safeguards to protect patients at Togus VAMC; generally failing to establish and implement reasonable systems to meet the needs of patients, including Mr. Palmer; failing to employ, train, and supervise qualified personnel to keep patients safe; failing to document and communicate information necessary to keep patients safe; and failing to coordinate Mr. Palmer's medical care.

31. At all times relevant to this Complaint, there was a sufficient agency claim between Mr. Palmer's medical providers at Togus VAMC and the Defendant to render the Defendant vicariously liable for the acts and omissions of Togus VAMC medical providers.

32. As a direct and proximate result of Defendant's negligence, as set forth above, Mr. Palmer suffered damages during his lifetime. The elements of his damage include, but are not limited to, extraordinary medical expenses, funeral expenses, loss of enjoyment of life, emotional distress, conscious pain and suffering, and wrongful death.

## COUNT II: WRONGFUL DEATH ACTION

33. Plaintiff reasserts the previous paragraphs as if set forth fully herein.

34. Defendant owed a duty to Mr. Palmer to provide medical treatment consistent with the standards of reasonable and safe medical care.

35. Defendant, acting through its employees and agents at Togus VAMC, breached the standard of care. Defendant's breaches of the standard of care, include but are not limited to the following: failing to properly evaluate, treat, and monitor Roy; ordering IV hydromorphone, 2 mg, to an opioid naive patient; ordering and administering excessive amounts of hydromorphone to Roy; ordering IV hydromorphone in combination with oxcarbazepine, a benzodiazepine; failing to adequately monitor Roy; failing to establish and enforce appropriate policies and procedures at Togus VAMC; failing to establish safeguards to protect patients at Togus VAMC; generally failing

to establish and implement reasonable systems to meet the needs of patients, including Mr. Palmer; failing to employ, train, and supervise qualified personnel to keep patients safe; failing to document and communicate information necessary to keep patients safe; and failing to coordinate Mr. Palmer's medical care.

36. At all times relevant to this Complaint, there was a sufficient agency claim between Mr. Palmer's medical providers at Togus VAMC and the Defendant to render the Defendant vicariously liable for the acts and omissions of Togus VAMC medical providers.

37. As a direct and proximate result of Defendant's negligence, as set forth above, Janet Palmer was damaged. She lost the care, comfort, and companionship of a loved one. Her damages also include medical expenses, funeral expenses, pecuniary losses, and emotional distress.

## DEMAND FOR JURY TRIAL

38. The Plaintiff hereby demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons set forth above, Plaintiff, Janet Palmer as Personal Representative of the Estate of Roy C. Palmer, demands judgment against Defendant for compensatory damages, medical expenses, funeral expenses, pecuniary loss, emotional distress, pain and suffering, loss of care, comfort, society and companionship, together with interest, costs, and such other and further relief as this Court deems just and equitable.

Dated:  January 12, 2023                          /s/ Travis M. Brennan, Esq.
                                                  Travis M. Brennan, Esq.
                                                  Bar No. 4525
                                                  Berman & Simmons, P.A.
                                                  P.O. Box 961
                                                  Lewiston, ME  04243-0961
                                                  (207) 784-3576
                                                  Attorney for Plaintiff