UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JANET PALMER, as personal representative of THE ESTATE OF ROY C. PALMER, </br></br>Plaintiff,</br></br>v.</br></br>UNITED STATES OF AMERICA,</br></br>Defendant. | )</br>)</br>)</br>)</br>)</br>)  Civil No. 1:23-cv-00027-SDN</br>)</br>)</br>)</br>)</br>)</br>) |

## ORDER ON BILL OF COSTS

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and the Court has determined that the plaintiff is the prevailing party in this case. *Judgment* (ECF No. 65). The expenses that may be taxed are specified in 28 U.S.C. § 1920, and the costs must be "necessarily incurred in the case," pursuant to 28 U.S.C. § 1924.

Plaintiff seeks costs in the total amount of $14,722.75 for fees of the Clerk, transcript fees, printing fees, witness fees, and for exemplification. *Bill of Costs*, (ECF No. 68). Defendant objects to the Plaintiff's claimed Bill of Costs, specifically to some of the transcript fees and the entirety of the printing and exemplification fees, but not the witness fees. *Response to Bill of Costs*, (ECF No. 72).

The Clerk of Court has made an independent review of the Plaintiff's Bill of Costs under its duty to "tax all *properly* claimed costs." D. Me. Local R. 54.3 (emphasis added). As a result, the Clerk hereby taxes costs against Defendant in

the total amount of three thousand six hundred and eighty-six dollars and eighteen cents ($3,686.18)  Certain claimed costs have been excluded as explained herein.

Transcript Fees

Transcript fees are taxable to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Plaintiff has requested transcript fees for 15 depositions including some video recordings of the same depositions.  Defendant has objected to all but 5 of these transcripts.  In its supporting memorandum (ECF No. 70), Plaintiff explains neither the necessity for their use in the case nor why it was also necessary to obtain video recordings of the depositions.  Defendant has not only objected to Plaintiff's full claim but also substantiated the necessity of usefulness for just 5 of the depositions.  *Response* (ECF No. 72 at 2).  Normally, to be taxable within the plain meaning of the language "use in the case" found in 28 U.S.C. § 1920(2), a purchased transcript should be used at trial or have some direct relationship to a court finding or necessary filing.  See *Caruso v. Delta Air Lines, Inc.*, 616 F. Supp. 3d 132, 137 (D. Mass. 2022) citing *Palomar Techs., Inc. v. MRSI Sys., LLC*, 2020 WL 4938414, at *3 (D. Mass. Aug. 12, 2020). ("In the analogous context of deposition transcripts, the First Circuit has held that deposition transcripts are taxable if they are introduced as evidence, used at trial, or where special circumstances warrant it.")  Where Plaintiff has not elaborated on how the transcripts were necessarily used in the case and where Defendant has objected, the Clerk will tax only the costs associated with those 5 depositions agreed to by the parties, those of Plaintiff, Anita and Tim Hutchinson, Dr. Mayer and Dr. Cohen.

While these five depositions are agreed to be necessarily obtained, some of the associated costs for the depositions will not be taxed.  First, postage, emailing, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts.  *Alexander v. CIT Technology Financing Services, Inc.*, 222 F.Supp.2d 1087 (N.D. Ill. 2002) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007).  Thus, Plaintiff's $15 in costs for the postage and handling of the Dr. Cohen deposition transcript will be excluded.  Second, Plaintiff has provided no explanation as to why both the cost of a stenographic transcript and a video transcript were necessarily obtained for use.  The plain language of 28 U.S.C. § 1920(2) focuses the Court's discretionary, decision-making power on how the video transcript was used in the case, i.e. whether the video recording had a legitimate use independent from or in addition to the stenographic transcript.  *Cf. Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004 (D. Kan. 1993) and *Miller v. National R.R. Passenger Corp.*, 157 F.R.D. 145 (D. Mass. 1994).  The lack of evidence here leads the Clerk to find that no special reasons existed for both video depositions and stenographic ones.  In fact, indications are that a stenographic transcript alone would have been sufficient.  See *Kalman v. Berlyn Corp.*, 1989 WL 112818 at *2 (D. Mass. 1989) [saying "it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping." (emphasis in original)].  For this reason, the $335 in video deposition costs for the allowable transcript cost for Dr. Cohen will be excluded.

Therefore, the Plaintiff's claim for deposition transcripts are reduced to a total of $1,320.80, the cost of the Palmer, Huthchinsons, Dr. Mayer and Dr. Cohen transcripts minus postage and handling fees and the cost of the Dr. Cohen video.

Printing and Exemplification Costs

Plaintiff seeks reimbursement for $1,400 in printing costs for "5,600 pages of trial exhibits and trial binders." *Affidavit* (ECF No. 69), p. 2. Plaintiff also seeks $2,555.75 in costs for making "paper copies of medical records, as well as copies of CDs/thumb drives containing the electronic versions of trial transcripts, medical records and imaging studies." *Id.* at p. 3. Defendant has objected. *Response* (ECF No. 72, p. 2). In documents attached to its *Bill of Costs*, Plaintiff has provided documentation for these claims (ECF No. 68, Exhibits A-E), but the documents do not demonstrate a need (e.g. copies provided to the Court) beyond the assumed convenience of counsel and the Clerk is unable to properly distinguish from what is written in the receipts what recoverable costs are attributable to each of these taxable categories.

A prevailing party is entitled to recover statutorily authorized costs for exemplification, printing and photocopying under 28 U.S.C. § 1920(3) & (4); but costs need to be "necessarily obtained for use in the case" and "reasonably necessary to the maintenance of the action" or furnished to the Court and opposing counsel. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1st Cir. 1990) and *Simmons v. O'Malley*, 235 F. Supp. 2d 442 (D. Md., 2002). "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling*

*v. Hasbro, Inc.*, 582 F.Supp.2d 192, 210 (D.R.I. 2008) (internal quotations and citations omitted). See also *In re Motor Freight Express*, 80 Bankr. 44 (Bankr. E.D.Pa. 1987) quoted in *In re San Juan Dupont Plaza Hotel Fire Litigation*, 111 F.3d 220, 237 (1st Cir.1997).

It is insufficient for a prevailing party to rely on conclusory statements found on its Bill of Costs form (AO133 form): "the foregoing costs are correct and were necessarily incurred in this action...." The level of evidence provided here falls short of meeting a prevailing party's burden of proof when necessity and reasonableness of the costs have been challenged by the Defendant.

Because Plaintiff has failed to adequately and specifically describe the use and necessity for its taxable printing, exemplification and photocopying costs, the costs for those will be denied.

## ORDER

The Clerk of Court hereby taxes costs in favor of Plaintiff in the total amount of three thousand six hundred and eighty-six dollars and eighteen cents ($3,686.18).

IT IS SO ORDERED.

/s/ ERIC M. STORMS
Acting Clerk, U.S. District Court

Dated this 24th day of July, 2025